```
        IN THE UNITED STATES DISTRICT COURT
        FOR THE SOUTHERN DISTRICT OF ALABAMA
                   SOUTHERN DIVISION
```

ELIA A. AGUNDIS,                        :
                                        :
    Plaintiff,                          :
                                        :
vs.                                     : CIVIL ACTION NO. 16-00122-CG-B
                                        :
JOHN LEON RICE, *et al.*,               :
                                        :
    Defendants.                         :

## REPORT AND RECOMMENDATION

This case is before the Court on Defendants' Renewed Motions to Dismiss (Docs. 30, 37, 38, 39, 44, 45)[1]. These

---

[1] Also pending before the Court is Plaintiff's Motion to Disqualify Mississippi Attorney General Jim Hood and His Staff (Doc. 41) and Plaintiff's Motion to Strike the Pleadings and Motions filed on Behalf of Defendants John Rice, Oktibbeha County Sheriff's Department and Sheriff Steven Gladney (Doc. 50). With respect to the motion to disqualify Mississippi Attorney General Jim Hood and his staff, Plaintiff has made vague and conclusory allegations that they provided her with legal opinions and accepted her confidential information; however, she has not provided any facts regarding the specific legal advice she was given or the confidential information that she allegedly shared with Mr. Hood and his staff. Further, there is nothing before the Court that indicates the context in which her dealings with the Mississippi Attorney General's Office occurred. Accordingly, Plaintiff's motion is **denied.**

Plaintiff's Motion to Strike the Pleadings and Motions filed on Behalf of Defendants John Rice, Oktibbeha County Sheriff's Department and Sheriff Steven Gladney (Doc. 50) is also **denied.** While Attorney Allen had not sought and been specially admitted to appear in this case at the time he filed the referenced pleadings and motions, he had sought and been properly admitted at the time Plaintiff filed her motion. Moreover, Plaintiff has not alleged nor established any prejudice resulting from said omission. Accordingly, the
(Continued)

motions, which have been fully briefed and are ripe for resolution, have been referred to the undersigned for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. CivLR 72(a)(2)(S). Upon consideration of all matters presented, the undersigned RECOMMENDS, for the reasons stated herein, that Defendants' Amended Motions to Dismiss[2] be **GRANTED** as to Defendants Oktibbeha County Sheriff's Department, Judge Dorothy Colom, City of Columbus Police Department, Sheriff Steven Gladney and Chief Oscar Lewis, and that this action, along with Defendant John Rice's Motion to Dismiss, be transferred to the Northern District of Alabama for further proceedings.

I. **Background Facts**

---

undersigned finds that the draconic sanction of dismissal is not warranted under the circumstances. Thus, her motion is **denied.**

[2] Defendants City of Columbus Police Department, Judge Dorothy Colom, Oktibbeha County Sheriff's Department, and John Leon Rice previously filed Motions to Dismiss (Docs. 6, 17, 21); however, Plaintiff filed an Amended Complaint (Doc. 28), which rendered those motions moot. See Malowney v. Federal Collection Deposit Group, 193 F.3d 1342, 1345 n.1 (11th Cir. 1999) (noting that "[a]n amended complaint supersedes a previously filed complaint"); Meterlogic, Inc. v. Copier Solutions, Inc., 185 F. Supp. 2d 1292, 1297 (S.D. Fla. 2002) (noting that the plaintiff's filing of an amended complaint "rendered moot the parties' previous pleadings and the defendants' summary judgment and Daubert motions").

Plaintiff filed an amended complaint on May 10, 2016 naming John Leon Rice (hereinafter "Rice"), Oktibbeha County Sheriff's Department (hereinafter "Sheriff's Department"), Dorothy Colom, Oktibbeha Chancery Court Judge (hereinafter "Judge Colom"), City of Columbus Police Department (hereinafter "Columbus PD"), Sheriff Steven Gladney (hereinafter "Gladney"), and Chief Oscar Lewis (hereinafter "Lewis") as Defendants.[3]  Plaintiff purports to bring this action pursuant to 28 U.S.C. § 1361[4], and asserts that she is a citizen of Baldwin County, Alabama, and that each of the individual Defendants can be located in Mississippi. (Doc. 28 at 1).  Plaintiff's Amended Complaint contains fifteen counts[5], namely the deprivation of her civil rights under the color of state law and denial of due process against Defendants Judge Colom, McQueen and Gladney (Counts 1, 2); trespass by Defendant Rice (Count 3); municipal liability by Defendants

---

[3] Defendant McQueen was dismissed pursuant to Fed.R.Civ.P. 4(m) due to failure to perfect service. (See Doc. 59).

[4] § 1361 provides that districts courts "shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff". 28 U.S.C. § 1361. Given that Plaintiff has not identified any of the Defendants as officers or employees of the United States, that provision is not applicable to this action.

[5] The paragraphs in Plaintiff's Amended Complaint are misnumbered in that the Amended Complaint does not contain a count 4 or count 5. (See Doc. 28 at 10). Thus, a total of fifteen counts are contained in the Amended Complaint.

Colom, McQueen and Gladney (Count 6); assault[] and battery in violation of 18 U.S.C. § 2265, 18 U.S.C. § 2261, and 18 U.S.C. § 2262 by Defendants Judge Colom and Rice (Count 7); felonious injury in violation of 18 U.S.C. § 2261 by Defendants Colom and Rice[6] (Count 8); violation of Plaintiff's due process rights, equal protection rights, civil rights, and rights under 42 U.S.C. § 1981, 42 U.S.C. § 1983, 42 U.S.C. § 1985 sections (1), (2), and (3), 42 U.S.C. § 1986, 42 U.S.C. § 3796gg, and various Mississippi and Alabama state laws by Defendants Judge Colom, Columbus PD, McQueen, and Gladney (Count 9); injunctive relief (Count 10); interference with Plaintiff's evidence in violation of 42 U.S.C. § 1985(2) by Defendants Judge Colom, Columbus PD, McQueen, Lewis and Gladney (Count 11); intimidation of Plaintiff and her witnesses by Defendant Colom in violation of 42 U.S.C. § 1985(2) (Count 12); exceeding jurisdiction in violation of the law by Defendant Judge Colom (Count 13); treason by Defendant Judge Colom (Count 14); violation of oath of office by Defendant Judge Colom (Count 15); denial of a translator during trial in violation of federal law and the Sixth Amendment by Defendant Judge Colom (Count 16); and vicarious liability under respondeat

---

[6] While Plaintiff references an unnamed Oktibeha County Court bailiff and processor Regina Sykes in this count, there is no indication that either has been served; thus, they are not parties to this action.

superior theory by Defendants Judge Colom, McQueen, Lewis and Gladney.(Count 17). (Doc. 28).

The pertinent factual allegations in Plaintiff's Amended Complaint revolve around her relationship with Defendant John Rice. According to Plaintiff, throughout 2012 and 2013, Defendant Rice would enter her home in Mississippi uninvited and subject her and her children to various forms of abuse and harassment. (Doc. 28 at 3-4). Plaintiff alleges that in early 2013, she became pregnant after Defendant Rice sexually assaulted her. (Id.). According to Plaintiff, she gave birth in September of 2013, and in late December 2013, Defendant Rice filed petitions to establish paternity and to gain custody of the child in the Oktibbeha County Chancery Court. (Id. at 5-6; Doc. 44-1).

Plaintiff and her children began moving to Alabama in late 2013, and completed the move in January 2014. (Id. at 5-6). Plaintiff avers that after moving to Alabama, she obtained a Protection From Abuse Order; however, Defendant Rice continued to threaten and harass her via telephone in violation of the protection order. (Id. at 6). On September 4, 2014, Plaintiff attended a hearing before Judge Dorothy Colom regarding Defendant Rice's request for visitation with his child. (Doc. 44-3 at 1-138). Judge Colom granted Defendant Rice's visitation request and issued an order setting a visitation schedule on

December 23, 2014. (Id. at 186-192).

Plaintiff filed a number of motions throughout 2015 and 2016 regarding her ongoing custody dispute with Defendant Rice. (Id. at 179-201, 226-237). Judge Colom denied Plaintiff's motions. (Id.). Plaintiff appealed to the Mississippi Supreme Court and argued that Judge Colom should recuse herself from the case. (Doc. 44-4). On appeal, the Mississippi Supreme Court affirmed Judge Colom's decisions, and denied Plaintiff's motion for recusal. (Id.)

Plaintiff claims that Rice harassed her with phone calls and death threats throughout 2014 and 2015, and that in December 2015, Rice, an unnamed Sheriff employee, and Oktibbeha County bailiff Sykes crossed state lines into Birmingham, Alabama, and assaulted her while attempting to serve her in conjunction with the Mississippi custody proceedings. (Doc. 28 at 5-8).

Plaintiff also contends that Defendants McQueen, Lewis, Gladney, and the Columbus PD did not respond to her repeated attempts to contact them in 2012 regarding Defendant Rice's behavior. (Id. at 3, 12). She also claims that the Oktibbeha County Sheriff's Department refused to investigate her claims against Defendant Rice. (Id. at 9, 12). Plaintiff has also asserted many claims against Defendant Judge Colom based on her handling of the child custody dispute. Plaintiff contends that Judge Colom was biased and issued improper rulings in an effort

to obstruct Plaintiff's attempts to appeal. (Id. at 6-8). She further alleges that Judge Colom ignored the Protection From Abuse Orders issued in Alabama and acted outside her jurisdiction by keeping the custody case in Mississippi. (Id. at 13).

In response to Plaintiff's Amended Complaint, each of the Defendants filed renewed Motions to Dismiss. (Docs. 30, 37, 39, 44). Defendant Colom argues that she is entitled to absolute judicial immunity for the claims asserted against her in her individual capacity, and Eleventh Amendment immunity for Plaintiff's official capacity claims against her. Defendant Colom further argues that the Younger abstention and/or Rooker-Feldman doctrines prohibits this Court from enjoining any ongoing Chancery Court proceedings, and that this Courts lacks personal jurisdiction over her because she has no substantial (or otherwise) minimum contacts with the State of Alabama; thus, the claims against her are due to be dismissed under Rules 12(b)(1), 12(b)(2) and 12(b)(6) of the Federal Rules of Civil Procedure. (Doc. 30).

Defendant City of Columbus PD argues that Plaintiff's claims against it should be dismissed because it is not a political subdivision or legal entity capable of being sued, that Plaintiff failed to perfect proper service on it, that this Court lacks personal jurisdiction under Fed.R.Civ.P. 12(b)(2) as

the City does not have substantial minimum contacts with the State of Alabama, and that Plaintiff's claims against the City of Columbus PD are barred by the statute of limitations. (Doc. 37).

Defendant Lewis argues that Plaintiff failed to perfect service against him, that this Court lacks personal jurisdiction over him as there is no allegation that he had substantial minimum contacts with the State of Alabama, and that Plaintiff's claims against him are barred by the statute of limitations. (Doc. 39). Defendant Oktibbeha City Sheriff's Department and Steven Gladney argue that the Sheriff's Department is not a legal entity capable of being sued, that Plaintiff failed to perfect proper service on these Defendants, and that this Court lacks personal jurisdiction over these Defendants due to lack of substantial minimum contacts with the State of Alabama. (Doc. 44). Finally, Defendant Rice contends that Plaintiff failed to perfect proper service on him, that Plaintiff's § 1983 claims should be dismissed due to lack of state action on Rice's part, and that Plaintiff's §1983 claims are barred by the statute of limitations. (Id.).

## II. STANDARD OF REVIEW

As a preliminary matter, the undersigned observes that when considering a pro se litigant's allegations, a court gives them a liberal construction holding them to a more lenient standard

than those of an attorney, Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 595-596, 30 L.Ed.2d 652 (1972), but it does not have "license . . . to rewrite an otherwise deficient pleading in order to sustain an action." GJR Investments v. County of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998), overruled on other grounds by Randall v. Scott, 610 F.3d 791, 709 (11th Cir. 2010) (relying on Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937 , 173 L. Ed. 2d 868 (2009)).  Furthermore, a court treats as true factual allegations, but it does not treat as true conclusory assertions or a recitation of a cause of action's elements. Iqbal, 566 U.S. at 681, 129 S.Ct. at 1951. In addition, a pro se litigant "is subject to the relevant law and rules of court including the Federal Rules of Civil Procedure." Moon v. Newsome, 863 F.2d 835, 837 (11th Cir.), cert. denied, 493 U.S. 863 (1989).

**A. Lack of Personal Jurisdiction**

"As a general rule, courts should address issues relating to personal jurisdiction before reaching the merits of a plaintiff's claims, as a defendant that is not subject to the jurisdiction of the court cannot be bound by its rulings." Range Creek Holdings, LLC v. Cypress Capital II, LLC, 2009 U.S. Dist. LEXIS 23951, *8-9, 2009 WL 857533 (S.D. Ala. March 25, 2009)(citation omitted.); Breland v. Levada EF Five, LLC, 2015 U.S. Dist. LEXIS 5291 (S.D. Ala. January 16, 2015).

In the absence of contractual acquiescence to personal jurisdiction, "[w]hen a defendant challenges personal jurisdiction, the plaintiff has the twin burdens of establishing that personal jurisdiction over the defendant comports with (1) the forum's state's long-arm provision and the requirements of the Fourteenth Amendment to the United States Constitution." Matthews v. Brookstone Stores, Inc., 469 F. Supp.2d 1056, 1060 (S.D. Ala. 2007)(citations omitted); see also Horizon Aggressive Growth, L.P. v. Rothstein-Kass, P.A., 421 F. 3d 1162, 1166 (11th Cir. 2005)(similar). In Alabama, this inquiry collapses into a single question because Alabama's long-arm statute permits its courts to exercise personal jurisdiction to the full extent authorized by the Due Process Clause. See Sloss Industries Corp. v. Eurisol, 488 F. 3d 922, 925 (11th Cir. 2007)("the two inquiries merge, because Alabama's long-arm statute permits the exercise of personal jurisdiction to the fullest extent constitutionally permissible"); Avocent Huntsville Corp. v. Aten Int'l Co., Ltd., 552 F. 3d 1324, 1329 (Fed. Cir. 2008)("Alabama's long-arm statute permits service of process as broad as the permissible limits of due process."). Accordingly, the operative inquiry is whether the exercise of personal jurisdiction over each Defendant comports with constitutional

safeguards[7].

A plaintiff seeking to assert jurisdiction over a nonresident "initially need only allege sufficient facts to make out a prima facie case of jurisdiction." Posner v. Essex Ins. Co., 178 F.3d 1209, 1214 (11th Cir. 1999). If the plaintiff establishes a prima facie case of personal jurisdiction, the burden shifts to the defendant to make a prima facie showing, by affidavits or otherwise, that personal jurisdiction is not present. Future Tech. Today, Inc. v. OSF Healthcare Sys., 218 F.3d 1247, 1249 (11th Cir. 2000). If the defendant sustains that responsibility, the plaintiff is then required to substantiate the jurisdictional allegations in the complaint by affidavits or

---

[7] The undersigned recognizes that the Eleventh Circuit has held "that the applicable forum for minimum contacts purposes is the United States in cases where. . .the court's personal jurisdiction is invoked based on a federal statute authorizing nationwide or worldwide service of process." United States SEC v. Carrillo, 115 F.3d 1540, 1544 (11th Cir. 1997)(footnote omitted); Steinberg v. A Analyst Ltd., 2009 U.S. Dist. LEXIS 86083 (S.D. Fla. Sept. 21, 2009)("In cases where the court exercises personal jurisdiction by virtue of a federal statute authorizing nationwide service of process, the requirement of minimum contacts is inapplicable. . .In such circumstances, minimum contacts with the United States suffices."). Plaintiff herein has cited a number of statutes; however, none of those that are arguably applicable, such as § 1983, provides for nationwide service of process. See Iraheta v. Linebarger, Goggan, Blair & Sampson, LLP, 2015 U.S. Dist. LEXIS 102246 (M.D. Georgia Aug. 5, 2015)(stating that while the RICO statute provides for nationwide service of process, 42 U.S.C. §§ 1983 and 1985 do not; thus, court must look to the state's long arm statute as a basis for exercising personal jurisdiction).

other competent proof, and she may not merely reiterate the factual allegations in the complaint. Id.  However, the allegations in the complaint still must be taken as true to the extent they are uncontroverted by the defendant's affidavits. S & Davis Int'l, Inc. v. The Republic of Yemen, 218 F. 3d 1292, 1303 (11th Cir. 2000).  Where the parties present conflicting evidence, all factual disputes are resolved in the plaintiff's favor, and the plaintiff's prima facie showing will be sufficient to survive a motion to dismiss notwithstanding the contrary presentation by the moving party. Id.

In a action such as this, the court "undertakes a two-step inquiry to determine whether personal jurisdiction exists: the exercise of jurisdiction must (1) be appropriate under the state long-arm statute, and (2) not violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution." United Techs. Corp. v. Mazer, 556 F.3d 1260, 1274 (2009). As noted supra, because Alabama's long-arm provision, Rule 4.2(a) of the Alabama Rules of Civil Procedure, is coextensive with due process requirements, see Waterproofing Co. v. Hanby, 431 So. 2d 141, 145 (Ala. 1983), the court need only consider whether the exercise of jurisdiction satisfies the requirements of due process. Oliver v. Merritt Dredging Co., 979 F.2d 827, 830 (11th Cir. 1992). Due process requires both that the defendant have "certain minimum contacts" with the forum state, and if such

minimum contacts exist, that the exercise of jurisdiction over the defendant "does not offend traditional notions of fair play and substantial justice." Burnham v. Superior Court of Calif., 495 U.S. 604, 618, 110 S. Ct. 2105, 109 L. Ed. 2d 631 (1990)(quoting Int'l Shoe Co. v. Washington, 326 U.S. 310, 66 S. Ct. 154, 90 L. Ed. 95 (1945)). "This two-part test embodies the controlling due process principle that a defendant must have 'fair warning' that a particular activity may subject it to the jurisdiction of a foreign sovereign." Vermeulen v. Renault, U.S.A., Inc., 985 F. 2d 1534, 1545 (11th Cir. 1993).

There are two types of personal jurisdiction: "general" and "specific." There is general personal jurisdiction over a party when "the cause of action does not arise out of ... the [party's] activities in the forum State," but there are "continuous and systematic" business contacts with the forum state. See Consolidated Development Corp. v. Sherritt, Inc., 216 F.3d 1286, 1291 (11th Cir. 2000); see also Sloss Indus. Corp. v. Eurisol, 488 F.3d 922, 925 n.3 (11th Cir. 2007)("general jurisdiction ... can only be exercised if the defendant has 'continuous and systematic' contacts with the forum"); Stubbs v. Wyndham Nassau Resort & Crystal Palace Casino, 447 F. 3d 1357, 1360 n.3 (11th Cir. 2006)("General jurisdiction arises from the defendant's contacts with the forum that are not directly related to the cause of action being litigated."). The due

13

process requirements for general personal jurisdiction are more stringent than for specific personal jurisdiction. Consolidated Development Corp., 216 F.3d at 1292.

On the other hand, specific jurisdiction "arises out of a party's activities in the forum that are related to the cause of action alleged in the complaint." Id. at 1291; Helicopteros Nacionales De Colombia v. Hall, 466 U.S. 408, 414 at n.8, 80 L. Ed. 2d 404 (1983). For specific personal jurisdiction, the contacts at issue must satisfy the minimum-contacts test. "Minimum contacts involve three criteria: First, the contacts must be related to the plaintiff's cause of action or have given rise to it. Second, the contacts must involve some purposeful availment of the privilege of conducting activities within the forum, thereby invoking the benefits and protections of its laws. Third, the defendant's contacts within the forum state must be such that [it] reasonably anticipate being haled into court there." Sculptchair, Inc. v. Century Arts, Ltd., 94 F. 3d 623, 631 (11th Cir. 1996)(citation omitted).

Based upon a review of the record evidence, the undersigned finds that Plaintiff has failed to establish that this Court has general jurisdiction over any of the Defendants. Taking the allegations of Plaintiff's Amended Complaint as true, she has not alleged let alone demonstrated that any of the Defendants have "continuous and systematic" contacts with the state of

Alabama such that the exercise of personal jurisdiction over them will not offend traditional notions of fair play and substantial justice. All of Plaintiff's allegations in this case revolve around her relationship with Defendant Rice and their child custody disputes. None of her allegations suggest any continuous and systematic contacts with the State of Alabama unrelated to her case. Accordingly, no general jurisdiction exists over the Defendants in this case.

Turning to specific jurisdiction, the undersigned finds that with the exception of Defendant Rice, Plaintiff has not alleged nor established that the other Defendants had sufficient minimum contacts with the state of Alabama and purposefully availed themselves of the privilege of conducting activities within this state such that they should have reasonably anticipated being haled into court here. Accepting Plaintiff's allegations as true, in December 2013, all of her claims against Defendant Judge Colom relate to actions Judge Colom took while presiding over the paternity/child custody case in Mississippi. Simply put, the undersigned finds that Judge Colom did not deliberately affiliate with Alabama, did not purposefully avail herself of the privilege of conducting activities in Alabama, and could not reasonably anticipate defending a lawsuit in Alabama. Thus, Plaintiff's claims against Judge Colom should be dismissed for lack of personal jurisdiction.

15

Likewise, Plaintiff does not allege that individual Defendants Sheriff Steven Gladney or Chief Lewis undertook any activities directed at Alabama. Indeed, the gist of Plaintiff's claims against these individuals as well as the Oktibbeha County Mississippi Sheriff's Department and the Columbus PD is that they did not investigate her claims against Defendant Rice or take any action to punish him for alleged misconduct committed against her in Mississippi. In light of such, the undersigned finds that there is no bases for exercising personal jurisdiction over Defendants Gladney, the Oktibbeha County Mississippi Sheriff's Department or the Columbus PD. Thus, Plaintiff's claims against these Defendants are due to be dismissed for lack of personal jurisdiction.[8]

**B. Improper Venue**

While the remaining Defendant, John Rice, does not dispute

---

[8] The undersigned is aware that these Defendants have raised a number of alternative grounds for dismissal including absolute judicial immunity by Defendant Judge Colom, statute of limitations, and failure to state a claim. Although these grounds appear well-founded, it is unnecessary for the undersigned to reach these arguments in the absence of personal jurisdiction. Should the District Judge find that the Court has personal jurisdiction over these Defendants, additional consideration of the merits of Plaintiff's claims against Defendants Sheriff Steven Gladney, Chief Lewis, the Oktibbeha County Mississippi Sheriff's Department and the Columbus Police Department will be in order.

that he has minimum contacts with the state of Alabama, none of the actions about which Plaintiff complains are alleged to have occurred in the Southern District of Alabama. Thus, proper venue does not lie in this district. Under the pertinent provisions of 28 U.S.C. § 1391(b), venue is proper in the judicial district in which any defendant resides or the judicial district in which a substantial part of the events or omissions giving rise to the claim occurred. In her Amended Complaint, Plaintiff contends that Defendant Rice, who can be located in Mississippi, committed a trespass against her in Mississippi, and assaulted her while she was in Birmingham, Alabama, attending a custody hearing. Plaintiff's Amended Complaint does not make clear which Mississippi city Defendant Rice resides in, or the Mississippi city in which the alleged trespass was committed. Plaintiff does however allege that Rice assaulted her in the city of Birmingham, Alabama, which lies in the Northern District of Alabama. Thus, this action could have been filed in that district since that is where the alleged assault occurred. <u>See</u> 28 USC § 1391(b).

Under 28 U.S.C. § 1406(a), "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." The undersigned finds that

17

it is in the interest of justice[9] to transfer this case to the Northern District of Alabama for further proceedings given that Plaintiff is proceeding pro se. See Stallings v. Hoffman, 2014 U.S. Dist. LEXIS 65776, 2014 WL 2040101, at *2 (N.D. Ga. May 12, 2014) (finding that it was in the interest of justice to transfer a case brought in the wrong district because a pro se plaintiff "likely does not known the venue laws").

## IV. CONCLUSION

Based on the foregoing, the undersigned RECOMMENDS that Defendants' Amended Motions to Dismiss be **GRANTED** as to Defendants Oktibbeha County Sheriff's Department, Judge Dorothy Colom, City of Columbus Police Department, Sheriff Steven Gladney and Chief Oscar Lewis, and that this action, along with Defendant John Rice's Motion to Dismiss, be transferred to the Northern District of Alabama for further proceedings.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects

---

[9] The undersigned notes in passing that Defendant Rice argues that Plaintiff's 1983 claims against him should be dismissed because they are barred by the statute of limitations. However, a closing reading of Plaintiff's Amended Complaint does not demonstrate that her 1983 claims are directed at Defendant Rice. Thus, his argument is misplaced.

to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); **Fed. R. Civ. P.** 72(b); S.D. ALA. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." *11th Cir. R. 3-1.* In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

    **DONE** this **22nd** day of **February, 2017.**

                                              **/s/ SONJA F. BIVINS**
                                        **UNITED STATES MAGISTRATE JUDGE**